IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
THOMAS MICHAEL LARRY,           )
                                )
                Petitioner,     )
                                )
        v.                      )       1:05CV00628
                                )
MARVIN POLK, Warden,            )
Central Prison,                 )
                                )
                Respondent.     )
```

**O R D E R**

This matter comes before the Court on the following motions: (1) respondent's motion to dismiss certain federal habeas corpus claims based on exhaustion and/or procedural default grounds (docket no. 16; docket no. 32, Attach. 2); (2) petitioner's renewed motion to hold his habeas proceeding in abeyance (docket no. 19); and respondent's motion to amend his answer and pending motion to dismiss (docket no. 32).

Petitioner filed his habeas petition and his initial motion to hold the habeas proceeding in abeyance on July 18, 2005. This Court denied the abeyance motion on July 25, 2005. Respondent filed his answer to the habeas petition and a motion to dismiss certain claims because petitioner had not exhausted his state court remedies as to them. On October 5, 2005, petitioner both responded in opposition to respondent's motion to dismiss and filed a renewed abeyance motion. Petitioner again requests this Court to stay this habeas action until the exhaustion of those claims that were concomitantly raised in a motion for appropriate relief ("MAR") filed contemporaneously with this federal habeas petition.

Petitioner alternatively requests this Court to dismiss all unexhausted claims in order to be in compliance with the "total exhaustion" rule of Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982). On November 23, 2005, respondent filed a motion to amend both his answer and motion to dismiss to add one more claim to the list of claims respondent alleges are not exhausted. Petitioner opposes the leave to amend.

The Court will first address respondent's motion to amend his answer and motion to dismiss. Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a party's pleading "shall be freely given when justice so requires." According to the United States Supreme Court:

> In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be "freely given."

Forman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962). Delay alone is most often insufficient reason to deny leave to amend unless "accompanied by prejudice, bad faith, or futility." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509-10 (4th Cir. 1996).

In the present case, Claim XI deals with prosecutorial comments concerning petitioner's character made during closing arguments of the sentencing phase of trial. While respondent initially pled that Claim XI was exhausted, he now requests leave to amend his answer and motion to dismiss to assert that petitioner never specifically objected to the use of the words "weasel" and

-2-

"from the bottom of the barrel" in his previous claims in state court.  Respondent asserts that the omission from listing Claim XI as unexhausted in the original pleadings was due to an oversight made during hurried preparation.  Petitioner opposes the proposed amendments and contends that respondent has waived all procedural defenses as to the claim.  While procedural defenses are subject to waiver, they are not exempted from the amendment procedure of Rule 15.  The proposed amendment comes soon after the original pleading and will not cause any delay or prejudice.  Leave to amend is, therefore, granted.

Next, the Court will address petitioner's renewed motion to hold this habeas action in abeyance. District courts have the discretion to stay federal habeas petitions that mix exhausted and unexhausted claims to allow for the exhaustion of all claims before ruling on the petition.  <u>Rhines v. Weber</u>, ___ U.S. ___, 125 S.Ct. 1528, 1534-35 (2005).  However, the discretion should be judiciously exercised because granting the motion would conflict with one of the underlying purposes of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which is to "reduce delays in the execution of state and federal criminal sentences, particularly in capital cases." <u>Woodford v. Garceau</u>, 538 U.S. 202, 206, 123 S.Ct. 1398, 1401 (2003).  Likely for this reason, the Supreme Court also held that stays "should be available only in limited circumstances."  <u>Rhines</u> at ___, 125 S.Ct. at 1535.  It is "only appropriate when the district court determines there was <u>good</u>

<u>cause</u> for the petitioner's failure to exhaust his claims first in state court." <u>Id</u>. (emphasis added).

Petitioner proposes that unexhausted claims not raised earlier because of alleged ineffective assistance of counsel should be sufficient to obtain a stay of federal habeas corpus actions until all claims have been exhausted in the state court.[1] At its heart, petitioner's argument is grounded in the proposition that whenever a new claim for relief is conceived, a petitioner who files a new post-conviction petition in state court should be able to obtain a stay of proceedings in federal court. Instead of being a rule "available only in limited circumstances," it would likely be a universal rule applicable in nearly every case. <u>Pro</u> <u>se</u> petitioners would always seek to excuse themselves by virtue of their lack of legal training. Attorneys would always seek to elevate their own or previous counsel's alleged neglect as amounting to ineffective assistance of counsel.

The Court rejects petitioner's test because it would effectively render the good cause test meaningless. It would undermine AEDPA's purpose of minimizing delay by actually encouraging and perpetuating dilatory litigation tactics.

---

[1] In North Carolina, the post-conviction review process is somewhat indeterminate because the time to appeal from the lower court's rejection of post-conviction relief is only subject to an "unreasonable delay" standard. <u>Allen v. Mitchell</u>, 276 F.3d 183, 186 (4th Cir. 2001). Thus the grant of a stay will either involve the federal court in interjecting itself in the state post-conviction process by setting specific times for filing for state post-conviction appellate review or else face major collateral litigation of the issue should the matter return to federal court on a motion, likely by respondent, to lift the stay.

-4-

Obtaining new counsel and claiming ineffective assistance of prior post-conviction counsel would become standard procedure, particularly for capital habeas petitioners, in an effort to circumvent AEDPA's one-year period of limitation and postpone the execution of state sentences indefinitely. Such a construction of the good cause factor would be significant because it provides the only meaningful gate keeping standard. The second <u>Rhines</u> test -- that the claims be potentially meritorious, <u>Rhines</u>, 125 S.Ct. at 1535 -- can hardly be said to do much other than exclude plainly frivolous cases. The last test -- that stays should not be granted in the face of "abusive litigation tactics or intentional delay," <u>Id</u>. -- likely only covers second and successive applications for a stay.[2] It is assumed that the good cause test is intended to have some meaning other than only excluding second or successive applications for stays, which is how Justices Souter, Ginsburg, and Breyer would apparently formulate the test, <u>Id</u>. at 1536, but not the other Justices.

In determining what good cause means, perhaps one could look to the cause and prejudice standard applicable to claims seeking to be excepted from state procedural bar rules. <u>See</u> <u>Williams v. French</u>, 146 F.3d 203, 208 (4th Cir. 1998), <u>cert</u>. <u>denied</u>, 525 U.S.

---

[2]Conceivably, intentional delay or abusive litigation tactics might be found in a case such as the instant one where the federal habeas suit and the new state post-conviction petition were both filed on the very last day of the statute of limitations. However, trying to wade through the excuses, which are partly premised on determining intentions, is fraught with all the difficulties of attempting to resolve metaphysical questions. This tends to merely impose another round of court review far removed from whether petitioner's conviction was obtained in violation of the federal constitution.

-5-

1155, 199 S.Ct. 1061, 143 L.Ed.2d 66 (1999). The test was developed to identify which claims should be allowed to proceed in federal court in spite of a petitioner's failure to follow rules requiring timely presentation of claims. To merit relief from procedural bar, the excuse had to have sufficient weight and import to justify the burden imposed on the system. Likewise, to obtain a stay of proceedings in federal court and impose the attendant delay and burden on the system, it would seem as a minimum that a petitioner should have to show sufficient cause to surmount a procedural bar.

If the Court were to look to the cause and prejudice test relating to procedurally barred claims, petitioner's showing of cause would not pass muster. To use ineffective assistance of counsel to satisfy the cause prong of the test, petitioner must have first presented the excuse as an independent claim to the state courts. Id. at 209 n.9. As noted earlier, were it otherwise, the cause factor would be essentially meaningless because cause would exist in most, if not all, cases. Thus, equating good cause with an assertion of ineffective assistance of counsel would not seem to be what the Supreme Court meant in Rhines as justifying a stay order.

On the other hand, it is possible that the "objective" factors of the cause and prejudice test (e.g., interference by state officials, etc.) might be a basis for finding good cause for a stay and abeyance order. See Id. at 209, Wright v. Angelone, 151 F.3d 151, 160 n.5 (4th Cir. 1998)(listing objective factors). And, it

may well be that "factual innocence" or the "miscarriage of justice" exception to procedural default would also be appropriate to use for finding good cause. See Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)(discussing miscarriage of justice standard and actual innocence). Petitioner advances none of these factors, but instead relies only on the alleged mistakes or oversight of prior counsel. However, as held above, a claim of ineffective assistance of post-conviction counsel is insufficient to satisfy the "good cause" requirement necessary to stay a federal habeas action. See, e.g., Lopez v. Rivera, No. 03-2974, 2005 WL 3263808, at *2 n.2 (2d Cir. Nov. 30, 2005) (finding that prior counsel's failure to raise a particular issue on appeal did not constitute "good cause"). The motion to stay and hold the case in abeyance is denied.

Rather than having this Court dismiss the entire habeas petition without prejudice and risking a statute of limitations violation,[3] petitioner voluntarily dismisses all unexhausted claims. (Docket No. 19, Pet'r Abeyance Mot. at 1-2). Petitioner's voluntary dismissal renders respondent's motion to dismiss such claims moot. This Court must now determine what claims are unexhausted and, consequently, dismissed.

---

[3] Petitioner's habeas petition was filed on the final day of the one-year limitations period. Dismissing the entire petition would likely bar any refiling.

First, it is undisputed that Claims III, IV, V[4], VII, IX, X, XV, and XVI[5] are unexhausted. (Docket No. 8, Habeas Pet. at 17, 41, 45, 55-57, 68, 71; Docket No. 32, Resp't Mot. To Amend, Attach. 2, Resp't Am. Mot. to Dismiss at 7-11; Docket No. 19, Pet'r Abeyance Mot. at 2; Docket No. 20, Pet'r Resp. to Mot. to Dismiss at 3). There is disagreement, however, over the exhaustion status of the following three claims:

> I. The state trial court violated Petitioner's rights to due process and a reliable sentencing determination by failing to instruct the jury on the lesser-included offense of second-degree murder ("*BECK* CLAIM").
>
> . . .
>
> VI. Petitioner's right to effective assistance of counsel and a reliable sentencing hearing were violated by trial counsel when trial counsel insulted the jury in closing argument at the penalty phase. ("IAC CLOSING ARGUMENT CLAIM").[6]
>
> . . .
>
> XI. Petitioner's rights to due process and a reliable sentencing determination were violated by the prosecutor's improper and prejudicial remarks to the jury concerning petitioner's character and speculation about his possibility of release ("*BERGER* CLAIM").[7]

(Docket No. 8, Habeas Pet. at 11, 49, 58; Docket No. 32, Resp't Mot. To Amend, Attach. 2, Resp't Am. Mot. to Dismiss at 3-4; Docket No. 19, Pet'r Abeyance Mot. at 1; Docket No. 20, Pet'r Resp. to

---

[4] Listed as Claim VI in the claims index of the habeas petition.

[5] Mistakenly listed as Claim XV in petitioner's renewed abeyance motion.

[6] Listed as Claim V in the claims index of the habeas petition.

[7] Listed as Claim XIII in the claims index of the habeas petition.

-8-

Mot. to Dismiss at 2-5; Docket No. 34, Pet'r Reply to Revised Pleadings at 2-5).

In determining the issue the Court relies on a number of factors. "[T]he exhaustion requirement is satisfied so long as a claim has been 'fairly presented' to the state courts." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 512 (1971)). A claim is "fairly presented" if the petitioner presents to the state court the "substance of his federal habeas corpus claim," including "both the operative facts and the controlling legal principles." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) (internal citations omitted). When the issue of exhaustion "could be considered a close question," the court should reach the merits of the claim. Burch v. Corcoran, 273 F.3d 577, 585 n.7 (4th Cir. 2001).

Respondent contends that the sentencing determination/hearing portions of Claims I and VI are unexhausted and should be dismissed because they were never presented to the state courts as independent claims. While petitioner did not assert the sentencing phase portions of Claims I and VI as independently stated grounds for relief in either his direct appeal or first MAR, it appears from the record that the substance of such claims was adequately presented for the following reasons. In relation to Claim I, petitioner previously argued on direct appeal that he was prejudiced at sentencing because of the trial court's failure to instruct the jury on the lesser-included offense of second-degree

-9-

murder. In relation to Claim VI, petitioner previously argued in his MAR that trial counsel gave an ineffective closing argument at the sentencing phases of trial and that he was prejudiced therefrom.

Both the new claims are related to claims previously presented to the state courts. Furthermore, Claims I and VI are dependent on the preceding portions of claims the Court will consider in any event -- i.e., the sentencing phase of the trial was unreliable because both the jury was not instructed on a lesser-included offense and trial counsel's closing argument at the sentencing phase was objectively unreasonable. As noted earlier, when the issue of exhaustion is a close one such as here, it is often the better practice for the Court to exercise its discretion under 28 U.S.C. § 2254(b)(2) and decide the claim on its merits. Burch, 273 F.3d at 585 n.7.

These same principles apply to Claim XI. Respondent here contends, as discussed above, that the portions of Claim XI that specify use of the words "weasel" and "from the bottom of the barrel" are unexhausted and should be dismissed. The general claim concerning the disparagement of petitioner's character during the closing argument of the sentencing phase of trial was exhausted. Respondent focuses on the fact that the specific references at issue were never expressly presented to the state courts. Even though petitioner must concede that he did not specify the terms "weasel" and "from the bottom of the barrel" in his state claims, the Court finds he adequately presented the substance of the claim.

This is because the North Carolina Supreme Court found, after "[a] review of the <u>entire</u> <u>transcript</u> of the sentencing proceeding, . . . that [petitioner] received a fair sentencing proceeding, free from any prejudice resulting from the . . . closing argument of the prosecution." <u>North Carolina v. Larry</u>, 345 N.C. 497, 530, 481 S.E.2d 907, 926 (1997) (emphasis added). Thus the North Carolina courts arguably reviewed the claim and, in any event, the issue is a close one. Accordingly, Claims I, VI, and XI will be retained in their entirety and reviewed by this Court as submitted.

**IT IS THEREFORE ORDERED** that respondent's motion to amend his answer and motion to dismiss (docket no. 32) is granted.

**IT IS FURTHER ORDERED** that petitioner's renewed motion to hold his federal habeas corpus proceeding in abeyance (docket no. 19) is denied.

**IT IS FURTHER ORDERED** that habeas Claims III, IV, V, VII, IX, X, XV, and XVI are dismissed as unexhausted.

**IT IS FURTHER ORDERED** that respondent's motion to dismiss certain claims in petitioner's habeas petition (docket no. 16; docket no. 32, Attach. 2) is denied. Respondent's request to dismiss habeas Claims III, IV, V, VII, IX, X, XV, and XVI as unexhausted and/or procedurally barred is denied as moot because of petitioner's voluntary dismissal. In addition, as discussed above,

respondent's request to partially dismiss habeas Claims I, VI, and XI as unexhausted and procedurally barred is denied.

_____
**United States Magistrate Judge**

December 28, 2005