IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

THOMAS MICHAEL LARRY,            )
                                 )
            Petitioner,           )
                                 )
       v.                        )    1:05CV00628
                                 )
MARVIN POLK, Warden,             )
Central Prison,                  )
Raleigh, North Carolina,         )
                                 )
            Respondent.          )

**O R D E R**

On June 13, 2006, the United States Magistrate Judge's Recommendation was filed and notice was served on the parties pursuant to 28 U.S.C. § 636. Petitioner filed objections to the Recommendation within the time limit prescribed by Section 636. Petitioner has also filed a motion entitled, "Petitioner's Second Renewed Motion to Hold Federal Habeas Proceedings in Abeyance." Respondent opposes the motion.

This Court previously denied petitioner's "Renewed Motion to Hold this Habeas Corpus Petition in Abeyance" until petitioner had exhausted new claims which he had filed in state court. Previously, one of the major reasons given by petitioner for holding this action in abeyance was that post-conviction counsel were allegedly ineffective in failing to raise the state court claims earlier. This Court determined that such an excuse did not satisfy the Supreme Court test for granting a stay. Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 161 L.Ed.2d 440 (2005). As a result, rather than dismissing the entire habeas corpus petition as a mixed petition containing both exhausted and unexhausted state

claims, the Court accepted petitioner's concession and dismissed the unexhausted claims and proceeded to consider the claims on the merits.

Now, after the unexhausted claims have been dismissed and the merits of the claims have been addressed, petitioner filed a "Second Renewed Motion to Hold this Action in Abeyance" while petitioner proceeds in state court with his unexhausted claims. The apparent impetus for again filing a successive motion is that the state court set a hearing on petitioner's second motion for appropriate relief which contains the unexhausted claims, but which have now been dismissed in this Court. None of the claims in that hearing will involve the claims that are being decided in this federal petition.

To argue the motion, petitioner relies on briefs previously submitted in support of the instant motion. However, at that time, petitioner had a mixed petition in this Court containing both the exhausted and unexhausted claims. As previously stated, the unexhausted claims have now been dismissed. Therefore, petitioner is now proceeding on new ground and is essentially asking this Court to stay this petition because he has pending in state court a post-conviction petition with respect to claims unrelated to the ones before the Court. For these reasons, the Court does not believe that Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 161 L.Ed.2d 440, encompasses the situation before the Court. In addition, for the reasons stated in the Court's previous discussion in the December 28, 2005 Order, it would not be appropriate under

Rhines v. Weber to grant the motion to stay in the instant case. That is, petitioner has not shown sufficient good cause to obtain a stay.

The Court has reviewed petitioner's objections de novo and finds they do not change the substance of the United States Magistrate Judge's rulings which are affirmed and adopted.

**IT IS THEREFORE ORDERED** that petitioner's Second Renewed Motion to Hold Federal Habeas Proceedings in Abeyance (docket no. 45) be, and the same hereby is, denied.

**IT IS FURTHER ORDERED** that the Petition for a Writ of Habeas Corpus (docket no. 7) is denied, and that this action be, and the same hereby is, dismissed. Petitioner has thirty (30) days from the date of this Order to file a motion for a certificate of appealability to this Court.

/s/ William L. Osteen
United States District Judge

October 11, 2006